FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 12 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GURINDER SINGH, | No. 08-74969 |
| Petitioner, | |
| | Agency No. A099-346-357 |
| v. | |
| | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 3, 2010[**]
Seattle, Washington

Before: HALL, WARDLAW, and GOULD, Circuit Judges.

Gurinder Singh ("Singh"), a 36-year-old native and citizen of India, timely

petitions for review of a final order of the Board of Immigration Appeals ("BIA")

affirming a decision by which an immigration judge ("IJ") denied his application

for asylum, withholding of removal, and CAT protection. Singh contends that the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

IJ's adverse credibility determination, which was based primarily on his submission of a fraudulent Indian driver's license, was not supported by substantial evidence. Singh has abandoned his claim that his failure timely to file his asylum application should be excused because of ineffective assistance of counsel. He contends, however, that substantial credible evidence in the record compels the conclusion that he was eligible for withholding of removal and/or relief under the Convention Against Torture ("CAT"). The BIA had jurisdiction pursuant to 8 C.F.R. § 1003.1(b), and we have jurisdiction pursuant to 8 U.S.C. § 1252.

Because the parties are familiar with the factual and procedural history of this case, we do not recount it here except as necessary to dispose of the claim of error Singh raises on appeal.

In his opening brief on appeal, Singh concedes that his asylum application was time barred. Thus, we lack jurisdiction to review the BIA's decision as to that claim, and that portion of his petition for review must be dismissed. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010) (citing *Ramadan v. Gonzales*, 479 F.3d 646, 649-50 (9th Cir. 2007)).

We review the BIA's affirmance of the IJ's adverse credibility determination under the substantial evidence standard. *Shrestha,* 590 F.3d at 1039 (citing *Soto-Olarte v. Holder*, 555 F.3d 1089, 1091 (9th Cir. 2009)). Under that standard,

we will reverse the agency's credibility determination only if the evidence the petitioner presented was so compelling that no reasonable fact finder could have found that he or she was not credible. *See* 8 U.S.C. § 1252(b)(4)(B); *INS v. Elias-Zacarias*, 502 U.S. 478, 483-84 (1992); *Malkandi v. Holder*, 576 F.3d 906, 908 (9th Cir. 2009). Where it appears, as here, that the BIA relied upon the IJ's decision as a statement of reasons, we look to the IJ's oral decision as a guide to what lay behind the BIA's conclusion. *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008).

Applying the foregoing standards, we conclude that the adverse credibility determination is supported by substantial evidence. The IJ described numerous aspects of Singh's Indian driver's license—the sole document presented to establish his identity—which raised serious doubts about its authenticity. Among the questionable features of Singh's purported driver's license were that: it written was in English, not Hindi; the official rubber stamp was both underneath and on top of his photograph; many key words written in English were misspelled; and the license did not satisfy clearly stated facial requirements (e.g., that it include a thumb impression and that his name be written across the photograph). In addition, Singh had not even tried to obtain copies or originals of other identification documents he claimed to have left behind in India, including his

ration card, voter registration card (with photograph), and school certificates.

Singh's failure to present any evidence to contradict the finding that his driver's license was fraudulent indicated not only a failure to establish the critical elements of identity and nationality, but also an overall lack of credibility regarding his claims for relief from removal. *Akinmade v. INS*, 196 F.3d 951, 955-56 (9th Cir. 1999). There were also several inconsistencies in Singh's testimony and fundamentally important omissions from the other evidence he presented regarding his claims for withholding of removal and CAT relief. For example, Singh provided inconsistent testimony about how he obtained the driver's license he presented at the hearing and why it was written in English. The IJ further found it troubling that neither his wife's affidavit, nor one provided by Singh's former sarpanch, mentioned that he had been physically abused while in police custody. Thus, in the totality of the circumstances, the IJ and the BIA were justified in concluding that Singh was not credible and that he failed to establish elements critical to his claims of relief—i.e., who he was, when he last entered the country, and whether any of the other items of evidence even pertained to him. *See Shrestha,* 590 F.3d at 1039-40; *Malkandi,* 576 F.3d at 917-18.

Singh's claim for withholding of removal was based primarily on his own testimony about past persecution on account of his Sikh religion and political

-4-

opinions in support of Simranjit Singh Mann's party, the Shiromani Akali Dal Mann ("SADM"), and his claimed fear of future persecution and threats to his life if he is forced to return to India. As we have already discussed, the adverse credibility determination and Singh's failure to provide properly authenticated corroboration as to his identity and the abuse he claimed to have suffered at the hands of the police, are fatal to his claim for withholding of removal. *Akinmade*, 196 F.3d at 955-56.

Singh's claim for CAT relief fails for similar reasons. *Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003) (adverse credibility finding as to asylum is also dispositive of CAT claim where latter claim is based on statements determined to be not credible). In addition, although we have held that Department of State country reports can support a claim for CAT relief even where the petitioner's testimony has been found to be incredible, *see Shrestha,* 590 F.3d at 1048-49, the IJ in this case found that the country reports for India could not support a finding that mere membership in the SADM, a legally recognized party, would cause individual rank-and-file members to be targeted for persecution. Singh himself admitted that the country reports painted a "mixed picture" of the problems Sikhs and SADM members face in India, and he does not otherwise adequately explain why a conclusion contrary to that reached by the IJ on his CAT claim is compelled

in this case. Because the country reports, standing alone, do not compel the conclusion that Singh was more likely than not to be tortured if he is removed to India, we will not disturb the BIA's decision denying his claim for CAT relief. *See id.* (citing *Almaghzar v. Gonzales*, 457 F.3d 915, 922-23 (9th Cir. 2006)).

Accordingly, the petition for review is DISMISSED as to Singh's asylum claim, and DENIED as to his claims for withholding of removal and CAT protection.